IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AASIM NASH** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 24-CV-2437** |
| | : | |
| **PHILA. DISTRICT ATTY**, *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                        JUNE 18, 2024

Plaintiff Aasim Nash, a regular litigant in this Court, initiated this civil action by filing a Complaint against "Phila District Atty," "Phila Pub. Def.," and "New Vitae Dr. Behr." (ECF No. 1.) He also filed a Motion to Proceed *In Forma Pauperis* and a Motion docketed as "Motion for How are you Going to Prosecute Mr. Aasim Nash for a or Many Mental Health Disorders." (ECF Nos. 5 & 6.) For the following reasons, the Court will grant Nash leave to proceed *in forma pauperis*, dismiss the Complaint, and deny his Motion.

I.      **FACTUAL ALLEGATIONS AND PRIOR LITIGATION**

Nash raises almost no factual allegations in his Complaint. He alleges that he "maxed out [his] jail sentence in 2018." (Compl. at 1.) He further alleges, without any context, that he "use – pro-se + waiver for council amendment 6 article 4." (*Id.*) Nash seeks $99 million in damages. (*Id.*)

The Court liberally construes Nash's Complaint as raising claims pursuant to 42 U.S.C. § 1983 for damages for false imprisonment based on confinement (presumably at New Vitae) after

his sentence allegedly expired in 2018.[1] *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). Indeed, Nash has repeatedly sought, *albeit*, unsuccessfully, to bring similar claims against the same Defendants named in this case. *See Nash v. Behr*, Civ. A. No. 21-1020 (E.D. Pa.) (case against Dr. Behr and New Vitae, Inc. challenging Nash's psychiatric treatment at New Vitae, apparently in connection with criminal charges, dismissed for failure to serve); *Nash v. Behr*, Civ. A. No. 21-2614 (E.D. Pa.) (case against Dr. Behr and New Vitae Department seeking $99 million apparently in connection with Nash's confinement and treatment at New Vitae dismissed without prejudice due to Nash's failure to comply with court orders); *Nash v. Phila. Public Defenders Assoc.*, Civ. A. No. 22-524 (E.D. Pa.) (case against "Phila. Public Defenders Assoc." challenging Nash's confinement at New Vitae dismissed upon statutory screening for failure to state a claim); *Nash v. Phila. Public Defenders Assoc.*, Civ. A. No. 23-1610 (E.D. Pa.) (case against Philadelphia Public Defender's Association based on attorneys' failure to let Nash "do pro-se or waiver" in his cases construed as raising state law claims and dismissed for lack of subject matter jurisdiction).

## II.     STANDARD OF REVIEW

The Court will grant Nash leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[1] New Vitae provides behavioral health care services, including for mental health issues. *See* https://www.newvitaewellness.com/ (last visited June 14, 2024). Nash was confined there for a period in the past few years. *See Nash v. Phila. Pub. Defs. Assoc.*, No. 22-0524, 2022 WL 605442, at *1 (E.D. Pa. Mar. 1, 2022).

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Nash is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court is also obligated to dismiss any claims seeking monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(iii).

**III.   DISCUSSION**

Nash's claims fail for several reasons. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Public defenders are not state actors "when performing a lawyer's traditional functions as counsel[,]" *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted), and their employing entities, *i.e.*, public defender's offices, have been treated similarly in this context. *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983.");

3

*see also Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*) ("We also conclude that the District Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings" (citing *Polk Cnty.*)).  The Court has previously explained this point of law to Nash in one of his prior cases.  *Nash*, 2022 WL 605442, at *2 (holding that Nash's claims based on a "public defender's representation of him in a court proceeding" were not plausible).  Nor is there any basis to infer that New Vitae and/or Dr. Behr are state actors subject to § 1983.  *See Daniels v. Nw. Hum. Servs*, No. 20-1736, 2021 WL 4166285, at *2 (3d Cir. Sept. 14, 2021) (*per curiam*) (affirming dismissal of lawsuit against residential rehabilitation center and its employees where plaintiff alleged that "Douglas House is a community residential rehabilitation residence under operation of [Northwestern Human Services] who is from my knowledge integrated working with the City of Philadelphia and its prison institutions and the state as well.  People from the state jails are often sent to these [residential centers] for programs"); *Smith v. Alternative Counseling Servs.*, No. 21-0076, 2021 WL 492513, at *3 (E.D. Pa. Feb. 10, 2021) ("Based on the allegations of the Complaint, it appears that these Defendants – a privately run halfway house, its owner, and its employees – are not subject to liability under § 1983.").

Nash has also failed to state a claim against "Phila District Atty," because he does not allege any facts from which one could plausibly infer that this Defendant violated his rights.  In any event, to the extent that Nash sued the District Attorney for any involvement in prosecuting criminal cases against him or advocating for the Commonwealth in the context of those cases, which appears to be the most likely construction of his claims, the District Attorney is entitled to absolute immunity.  *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (explaining that prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are

4

"intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case"); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009) (holding that supervisory prosecutors also entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth). Furthermore, if Nash is claiming that he was held beyond his maximum sentence beginning in 2018, it is unclear how such a claim would be timely, especially since Nash's filing history discussed above reflects that he has been aware of his claims for several years but has been unsuccessful in pursuing them. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years."); *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Nash leave to proceed *in forma pauperis* and dismiss his Complaint. Under the circumstances of this case and considering Nash's litigation history in this Court, the Court concludes that amendment would be futile. Nash's Motion will be denied. An Order follows, which dismisses this case.

*NITZA I. QUIÑONES ALEJANDRO, J.*